WEBB, JUDGE:
Claimant, Tri-State Salvage, Inc., hereinafter referred to as Tri-State, brought this action for damages to its 18-wheel trailer which occurred on July 22, 1991, on the northbound Medina entrance ramp of 1-77. The damages to the tractor trailer were in the amount of $12,094.03.
Respondent contends that Tri-State’s driver drove the tractor trailer onto the shoulder area of the Medina entrance ramp in an area not intended for vehicles to park or drive upon and that the actions of the driver in stopping on the entrance ramp in an area not intended for this use and which was not designated for the weight of trucks, was the proximate cause of the accident.
The evidence adduced at the hearing of this claim on March 31,1994, established that the driver of the tractor-trailer, Calvin R. Cox, was traveling on 1-77 on July 22,1991, with a cargo of scrap cars to be crushed. He had begun this particular trip in Beckley, West Virginia, to drive to Benwood, West Virginia, when he decided to check his load. He drove off the Medina exit ramp and then proceeded onto the Medina entrance ramp where he drove the tractor trailer to the right side of the ramp approximately a foot off the paved surface of the ramp. After the tractor trailer came to a complete stop, he felt the road give way under the right rear tandems of the trailer and the tractor trailer turned over onto its right side. Mr. Cox was an experienced tractor trailer driver with 30 years experience. He testified that there were no warning signs or indications that the area was soft or unstable and he did not see any delineator posts along the entrance ramp where he stopped to park. He had driven tractor trailers on 1-77 on many occasions prior to the date of this accident. The accident occurred at approximately 1:30 a.m.
The Medina entrance ramp on 1-77 consists of a paved area approximately 14 feet wide and a paved berm of three feet on each side of the ramp for a total paved area of 20 feet. Adjacent to the pavement is a two foot wide area of gravel with delineator posts placed at 50 foot *122 intervals. The berm is slopped to the gravel area to keep water off the paved surface of the ramp. Although the delineator posts are frequently knocked down, James Keyser, respondent maintenance crew supervisor for this area of the interstate, stated that the posts are replaced after two or three have been knocked down. He was aware that trucks frequently pull off of the sides of the ramp; however, there are signs stating “Emergency Stopping Only” on the interstate to conform with Federal requirements. There are no such signs on the ramps.
As explained by David Clevenger, an engineer for respondent formerly in the design division, the purpose of the delineator posts along the edge of the berm is to indicate where the stabilizer shoulder ends. The area beyond the posts is not stable. The ramps were designed for a weight of 80,000 pounds which is the legal weight limit for vehicles. The p.i. or point of intersection where the slope of the shoulder area and the point of the ditch adjacent to the berm intersect is marked by the delineator posts. The p.i. marks the stabilized shoulder and from that point is the ditch which is sloped. Thus, the area beyond the delineator posts is not a stable area.
The issue before the Court involves questions of whether the driver of the tractor trailer should have parked on the Medina entrance ramp and whether the respondent had an obligation to provide sufficient berm for tractor trailers at the legal weight limit to be parked adjacent to the ramp. The area beyond the berm on entrance and exit ramps on 1-77 were not designed for parking purposes. Although there are no sings to indicate specifically that tractor trailers may not use entrance and exit ramps for the purpose of emergency use only. Although there is controversy over the placement of delineator posts on the Medina entrance ramp on the date of this incident, the Court has determined that whether the posts were there or not, the driver of the tractor trailer was certainly aware of the shoulder area available on which to park the tractor trailer. When the rig was parked approximately 18 inches from the white line on the paved portion of the ramp, the tractor trailer was in an area which was sufficiently stable to hold the weight of the rig. The Court is of the opinion that the tractor trailer was parked in an area which was not designated, designed, or intended for such purpose. W.Va. Code § 17C-13-3(a)(16) provides as follows: “No person shall stop, stand, or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-controlled device, in any of the following places: (16) Upon any controlled-access highway...” This law is applicable to the claim herein as the ramps on interstates are a part of controlled-access highways. The Court is also of the opinion that the respondent maintained the shoulder area adjacent to the Medina entrance ramp as designed.
Having reviewed the evidence put forth in this claim and the law applicable thereto, the Court has determined that respondent was not negligent in its maintenance of the Medina entrance ramp, and, further, that respondent is not liable for the damages which occurred on TriState’s tractor trailer.
For this reasons, the Court is of the opinion to and does deny this claim.
Claim disallowed.